UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**BURNELL LAFRANCE**              **CASE NO. 6:24-CV-01302**

**VERSUS**                        **JUDGE DAVID C. JOSEPH**

**MERCHANT SECURITY SERVICE ET AL**   **MAGISTRATE JUDGE DAVID J. AYO**

**REPORT AND RECOMMENDATION**

Before the Court are motions to dismiss filed by defendants Dixie RV Superstores of Acadiana, LLC ("Dixie") (Rec. Doc. 10) and Merchant Security Service ("Merchant") (Rec. Doc. 14). *Pro se* plaintiff Burnell LaFrance opposes these motions. (Rec. Docs. 12, 16). These motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, the Court recommends that the instant motions be GRANTED IN PART and DENIED IN PART AS MOOT.

**Factual Background**

After review of the record, this Court surmises that LaFrance was employed by Merchant as a security guard at Dixie's RV lot. (Rec. Doc. 1). LaFrance filed the instant suit on September 20, 2024, alleging that he sustained injuries to his head and neck on December 27, 2023 when a golf cart he was using during the performance of his duties at Dixie tipped over and fell on top of him. (*Id.* at p. 6). LaFrance further alleges that Merchants refused to file a workers' compensation injury report and eventually fired him on February 27, 2024, subsequently refusing to give him all of the pay that he had earned. (Rec. Doc. 6). LaFrance filed an amended complaint on February 3, 2025, in which he alleges that his claims arise

under federal law and that the amount in controversy exceeds $75,000.00. (*Id.* at p. 2). LaFrance's suit names as defendants Merchant, Dixie, and the golf cart manufacturer Evolution Golf Cart ("Evolution"). (*Id.* at pp. 1–2).

This Court previously granted LaFrance's motion to proceed *in forma pauperis* and later granted his motion to effect service via the United States Marshal. (Rec. Docs. 3, 9). While the record does not contain evidence of service by the Marshal, defendants Merchant and Dixie filed responsive pleadings in the form of the instant motions. (Rec. Docs. 10, 14). No appearance has been made by defendant Evolution.

## **Applicable Standards**

The law governing federal jurisdiction is well settled:

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree. It is to be presumed that a cause of action lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted).

Federal district courts possess two types of original subject matter jurisdiction. Federal question jurisdiction authorizes district courts to preside over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction permits district courts to hear cases in which there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest. 28 U.S.C. § 1332. Section 1332 requires "complete diversity," which is to say that no party on one side of the controversy may share citizenship with any party on the other side of the controversy. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing

*Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

Absent a jurisdictional challenge, a plaintiff's allegation of jurisdiction meeting the statutory requirements is a sufficient basis upon which the court may proceed. When challenged, however, the plaintiff bears the burden of demonstrating that the alleged jurisdiction does, in fact, exist. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012); *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97, 97 (5th Cir. 1999).

Where motions before a district court seek dismissal for lack of jurisdiction and upon other grounds, the court must address its jurisdiction first, before addressing any attack on the merits. *Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). "'When courts lack subject matter jurisdiction over a case, they lack the power to adjudicate the case' and must dismiss it." *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021) (quoting *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017).

## Analysis

The instant motions filed by Dixie and Merchant each allege a lack of subject matter jurisdiction over LaFrance's claims. (Rec. Docs. 10, 14). Specifically, the motions point out that LaFrance's Amended Complaint alleges no facts upon which this Court could infer a claim arising under federal law, negating the prospect of federal question jurisdiction. The motions further argue that LaFrance, Dixie, and Merchant are Louisiana citizens, destroying complete diversity and, thus, negating the prospect of diversity jurisdiction. Review of the Amended Complaint affirms these jurisdictional arguments.

LaFrance's Amended Complaint asserts tort claims under Louisiana law arising from his employment with Merchant. (Rec. Doc. 6). Although the Amended Complaint specifically alleges federal jurisdiction based on the existence of a federal question, as well as an amount

3

in controversy exceeding the diversity jurisdiction threshold of $75,000.00, these bare assertions are insufficient, particularly in light of defendants' jurisdictional challenges.

As a *pro se* litigant, LaFrance's Amended Complaint is subjected to the same jurisdictional standards applied in all cases, but his pleadings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While the pleading need not cite a federal statute or rule by name, its jurisdictional basis must be alleged "affirmatively and distinctly." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983). Review of the Amended Complaint discloses no factual allegations which, liberally construed, state a claim arising under federal law.

Turning to diversity jurisdiction, this Court agrees with defendants that complete diversity does not exist in this matter. LaFrance alleges he is a resident and citizen of Lafayette, Louisiana. (Rec. Doc. 6 at p. 1). Dixie offers the Declaration of Stephen L. Guidry, Jr., Dixie's President and Chief Operating Officer, attesting that Dixie is a Louisiana limited liability company with three members, all of whom are Louisiana residents. (Rec. Doc. 10-2). Merchant offers the Declaration of Eric L. Amerland, its President and Secretary, attesting that Merchant is a corporation organized under the law of the State of Louisiana, with its principal place of business in Louisiana. (Rec. Doc. 14-2).

Considering the uncontroverted jurisdictional evidence, this Court finds that LaFrance, Dixie, and Merchant share Louisiana citizenship, which precludes a finding of complete diversity as would be required for this Court's lawful exercise of jurisdiction under 28 U.S.C. § 1332. The undersigned notes that, despite Evolution's failure to appear in this matter and LaFrance's allegation of that entity's California citizenship, the now-established citizenship of Dixie and Merchant foreclose diversity jurisdiction. (*See*, Rec. Doc. 6 at p. 2).

Having determined that the Court lacks subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, the undersigned will recommend dismissal pursuant to Rule 12(b)(1) of

the Federal Rules of Civil Procedure and that the motions filed by Dixie and Merchant be otherwise denied as moot.

## Conclusion

For the reasons discussed herein, the Court recommends that the pending motions to dismiss filed by Dixie RV Superstores of Acadiana, LLC (Rec. Doc. 10) and Merchant Security Service (Rec. Doc. 14) be GRANTED IN PART, dismissing all claims by Plaintiff Burnell LaFrance against all defendants without prejudice for want of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and DENIED IN PART AS MOOT in all other respects. (Rec. Docs. 10, 14).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of September, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

5